IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SANDRA NORTHCUTT, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:21-cv-00823 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| TENNESSEE DEPARTMENT OF TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Doc. No. 14, "R&R") and Plaintiff's "Response in Opposition to Defendants and Judges Motion to Dismiss," which the Court will construe as Objections to the R&R (Doc. No. 15, "Objections"). Defendant replied. (Doc. No. 16).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, Defendant's Reply, and the file. For the reasons set forth below, the Court will adopt the Report and Recommendation and Plaintiff's claims will be dismissed without prejudice.

## BACKGROUND

On October 28, 2021, *pro se* Plaintiff filed this employment discrimination action under 42 U.S.C. §§ 12101 et seq., (Americans with Disabilities Act of 1990), 29 U. S. C. § 621 (Age Discrimination In Employment Act of 1967), 42 U. S. C. §2000e (Civil Rights Act of 1964), T.C.A. §4-21- 401 (Tennessee Human Rights) and T. C. A. §50-1-304 (Tennessee's Retaliatory Discharge Statute). (Doc. No. 1). Defendant filed a Motion to Dismiss on January 20, 2022. (Doc. No. 12). Plaintiff's response was due on February 3, 2022. Plaintiff did not respond. The Court issued a show cause order on February 14, 2022, ordering Plaintiff to respond to the Motion to Dismiss by February 25, 2022. (Doc. No. 13). Plaintiff did not respond, and the Magistrate Judge issued the relevant R&R thereafter. (Doc. No. 14).

The R&R recommends dismissal of Plaintiff's claims without prejudice for failure to prosecute under Rule 41(b) and dismissal of Defendant's Motion to Dismiss (Doc. No. 12) as moot. (Doc. No. 14 at 4–5). Plaintiff's Objection requests: 1) "dismiss[al]" of the R&R "due to negligence on the part of the defendant's counsel"; 2) an extension of time to respond to the Motion to Dismiss because Plaintiff alleges that Defendant sent all correspondence (including the Motion to Dismiss) to an address where Plaintiff no longer resides, resulting in "a minimum of two weeks or longer delay" in receiving any documents from Defendant; 3) a "motion to reopen or motion for relief from judgment" so that Plaintiff can respond to the Motion to Dismiss; and 4) access to the ECF e-filing system. (Doc. No. 15 at 1).

**DISCUSSION**

Defendant argues that "Plaintiff has not filed a 'specific objection' because she failed to cite to any portion of the Report and Recommendation to which she objects[.]" (Doc. No. 16 at 3). The Court agrees that it is not abundantly clear that Plaintiff objects to any specific portions of the Magistrate Judge's findings in the R&R via the Objections and recognizes that Plaintiff could have been more explicit in linking her objections to specific provisions of the R&R. However, Plaintiff does provide information regarding why she did not timely respond to the Motion to Dismiss. Affording Plaintiff the leniency the Court typically affords *pro se* litigants, the Court will construe the Objections as properly objecting under Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02 to the R&R's finding regarding factor one of the Rule 41(b) analysis: "the willfulness, bad faith, or fault of the plaintiff." (Doc. No. 14 at 2). Though the Court can easily draw the inference that Plaintiff objects to the R&R's finding that Plaintiff willfully failed to respond to the Motion to Dismiss, Plaintiff does not appear to object to the R&R's findings related to any other Rule 41(b) factor.

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); see also *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to

cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). None of these factors by itself is outcome-dispositive. *Id*.

The Court of Appeals for the Sixth Circuit has noted that dismissal under Rule 41(b) is a "harsh sanction" and should apply only in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161 (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)). But the Court must qualify this by noting that it is well-recognized that dismissal *without* prejudice generally is not harsh in the same way that dismissal *with* prejudice is harsh, because "[t]he harm [to the plaintiff] from a dismissal with prejudice is quite different from that from a dismissal without prejudice." *Munday/Elkins Auto. Partners Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006). "Because a plaintiff may refile the same suit on the same claim, dismissal without prejudice does not constitute such a harsh sanction [because] it does not foreclose a determination on the merits" in a subsequent lawsuit. *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004). *See also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) *(*"Dismissing a case with prejudice . . . is a significantly harsher remedy" than dismissal without prejudice).

On the other hand, the Sixth Circuit "recognize[s] that dismissal without prejudice may be as harsh a remedy as dismissal with prejudice where . . . the limitation period ended and Plaintiffs' suit is now time-barred." *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001). This very well may be the case for Plaintiff in light of the particular claims she has brought, for reasons explained by one district court in this circuit:

> Under Title VII, a plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). "[T]he filing of a

complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII." *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir.1987).[1] A dismissal without prejudice leaves the parties in the same place "as if the suit had never been brought." *Id.* at 27. Further, district courts are without authority to extend a statutory period of limitations. *Id.* at 28; *see also, id.* at 27 ("in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending") (citing *Bomer v. Ribicoff,* 304 F.2d 427, 429 (6th Cir.1962)).

*Ulmer v. Dana Driveshaft Mfg., L.L.C.*, No. 3:12-CV-01266, 2012 WL 5830476, at *2 (N.D. Ohio Nov. 16, 2012). The same analysis applies to claims under the ADA. *McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002) ("[The plaintiff's] claims are time-barred. A plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right to sue letter from the EEOC. McGhee did not file his complaint within 90 days after he had received his right-to-sue letter from the EEOC." (citing 42 U.S.C. § 12117(a) and *Peete v. Am. Standard Graphic,* 885 F.2d 331, 331–32 (6th Cir.1989)).

For these reasons, Plaintiff's claims (at least the federal employment discrimination claims under Title VII and the Americans with Disabilities Act ("ADA")) presumptively[1] would be time-barred here were Plaintiff to seek to refile them after a dismissal without prejudice. That is because any such refiled claims obviously would not be filed within 90 days of receiving a right-to-sue letter from the EEOC. Therefore, this matter will be treated as an instance in which dismissal without prejudice may be just as harsh a remedy as dismissal with prejudice.

---

[1] The Court says only that the claims *presumptively* would be time-barred because it cannot say for certain right now that the claims *absolutely* would be time-barred, inasmuch as there is always a chance that some exception to the time-bar, such as equitable tolling, could apply. *See Ulmer*, 2012 WL 5830476, at *2–3 (noting that "Title VII filing requirements . . . are subject to equitable tolling in limited circumstances."). But the applicability of such an exception is sheer speculation at this point, and so the Court presently must treat the time-bar as if it would not be avoided, if in fact if were applicable, by virtue of some exception.

Plaintiff's Objections to the first factor of the Rule 41(b) analysis related to Defendant mailing the Motion to Dismiss to the wrong address make it less clear that there was actually "contumacious conduct" by the Plaintiff here such that the involuntary dismissal is appropriate. The record supports Plaintiff's contention that she properly updated her address with the Court shortly after filing the Complaint. (Doc. No. 5). Yet the Certificate of Service attached to the Motion to Dismiss indicates that Defendant served Plaintiff with the Motion to Dismiss at her old address. (Doc. No. 12-1 at 10). The Court thus finds it believable that (as Plaintiff indicates in the Objections) Plaintiff did not receive a copy of the Motion to Dismiss until at least two weeks (or more) after it was filed (and only due to, the Court assumes, a mail forwarding service to her updated address of record). Thus, Plaintiff's failure to timely respond to the Motion to Dismiss was not necessarily the result of her own willfulness, bad faith, or fault.

That being said, Plaintiff waited until February 24, 2022 (one day before her response to the Order to Show Cause was due) to notify Defendant that Defendant had mailed the Motion to Dismiss to an incorrect address, resulting in a delay in her receipt of the Motion to Dismiss. (Doc. No. 15 at 4). Plaintiff still has not responded to the Motion to Dismiss, and she failed to seek an extension of time to respond to the Motion to Dismiss until over three weeks after Plaintiff had notified Defendant that Defendant had mailed the Motion to Dismiss to the wrong address.[2]

---

[2] The Court's understanding of the relevant timeline is based on the email that is attached to Plaintiff's Objections (Doc. No. 15 at 4). This email is dated February 24, 2022, and indicates that on or before this date, Plaintiff *had* received a copy of the Motion to Dismiss, but not until weeks after it was mailed by Defendants to the wrong address. (*Id.*). Plaintiff did not file the Objections (which contain a request for an extension of time to respond to the Motion to Dismiss) until March 18, 2022 (the date on which Plaintiff mailed the Objections, which then ultimately appeared on the Court's docket on March 22, 2022). Plaintiff's February 24, 2022 email also demonstrates that Plaintiff *did* receive a copy of the Order to Show Cause, and Plaintiff has given the Court no reason to believe that Plaintiff's receipt of the Order to Show Cause was delayed in any manner. (*Id.*).

Perhaps even more concerning is the fact that Plaintiff did not timely respond and still has not responded to the Order to Show Cause, which was entered by the Court on February 14, 2022—nearly two months ago. (Doc. No. 13). Unlike Plaintiff's failure to respond to the Motion to Dismiss, Plaintiff has failed to provide any reason for such failure, as the record shows that the Order to Show Cause was mailed to Plaintiff's address of record. (*Id.*). *See Overstreet v. Roane Cty. Bd. of Educ.,* No. 3:08-CV-401, 2008 WL 5234044, at *3 (E.D. Tenn. Dec. 12, 2008) (finding dismissal appropriate where plaintiff failed to respond to two motions to dismiss and two orders to show cause, reasoning that "[a]ny lesser sanction would simply serve to reward plaintiffs for the abandonment of this prosecution" and that the orders to show cause gave plaintiffs "multiple opportunities to explain their failure to respond" and finding that the court considered less drastic sanctions before dismissal.); *Edwards-Bradford v. Kellogg USA, LLC*, No. 219CV02877MSNATC, 2021 WL 1579951, at *4 (W.D. Tenn. Jan. 15, 2021) (dismissing with prejudice where the plaintiff failed to respond to discovery requests, a motion to dismiss, and an order to show cause and finding that such failure to respond prejudiced the defendants); *Schenkenfelder v. Blitz, U.S.A. Inc.*, No. 3:06-CV-452, 2009 WL 2496460, at *2 (E.D. Tenn. Aug. 12, 2009) (when dismissing pursuant to Rule 41(b), highlighting that the plaintiff did not proffer any reason for failing to respond to the court's order to show cause); *Ike v. Quantum Servicing Corp.*, No. 11-2914, 2012 WL 3597664, at *1 (W.D. Tenn. Aug. 20, 2012) ("District courts in this circuit have dismissed causes for failure to prosecute when plaintiffs were dilatory in honoring show cause deadlines."). Plaintiff was warned in the Order to Show Cause that a failure to respond to the order "may lead to a recommendation that her claims be dismissed." (Doc. No. 13). *Schafer*, 529 F.3d at 737 ("Prior notice, or the lack thereof, is a key consideration in determining whether

a district court abused its discretion in dismissing a case for failure to prosecute.") (internal citations omitted).

Thus, though Plaintiff had good reason to seek an extension to respond to the Motion to Dismiss due to Defendant's failure to comply with the service requirements of Fed. R. Civ. P. 5, which requires service by mail to be sent to the person's "last known address," Plaintiff did not choose to do so. Further, Plaintiff demonstrates no good reason for her failure to respond to the show cause order. Plaintiff was warned that this failure could lead to dismissal, and even understanding the harshness of dismissal without prejudice under the present circumstances, the Court lacks other appropriate, less drastic sanctions at this time. The Court has already given Plaintiff the opportunity to show "why her claims should not be dismissed for failure to prosecute or for the reasons state in Defendant's motion to dismiss," and Plaintiff failed to take advantage of such opportunity; thus, the Court is left with no options other than involuntary dismissal. (Doc. No. 13 at 1).

For all of the reasons set forth above, the Report and Recommendation (Doc. No. 14) is **ADOPTED,** and Plaintiff's claims are **DISMISSED** without prejudice. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58, and the Clerk is directed to close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE